UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD,<br>CDCR #J-36916,<br><br>                        Plaintiff,<br><br>      vs.<br><br>C/O GALBRAITH; C/O SORENSEN;<br>C/O KAHN; C/O NORIEGA,<br><br>                       Defendants. | Case No.: 3:19-CV-1110-LAB-WVG<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915A(b)(1)** |

Craig Richard ("Plaintiff"), currently incarcerated at the California Health Care Facility ("CHCF") located in Stockton, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1993 (ECF No. 1). While Plaintiff was housed at CHCF at the time he filed this action, the named Defendants are prison officials at the Richard J. Donovan Correctional Facility ("RJD"). (*See* Compl. at 1-2.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.SC. § 1915(a) (ECF No. 3).

**I.     Request to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  any month in which his account exceeds $10, and forwards those payments to the Court
2  until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

3  In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by a CHCF accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that Plaintiff carried an average monthly balance of $1459.60 and average monthly deposits of $688.84. *See* ECF No. 2 at 2. The current balance in Plaintiff's trust account is $4038.90. *Id.* at 4.

In this matter, Plaintiff has not shown the indigence required to proceed IFP. Therefore, because Plaintiff has shown that he is able to pay the filing fee in total, Plaintiff's Motion to Proceed IFP is **DENIED**.

**II.    Screening of Complaint pursuant to 28 U.S.C. § 1915A**

While Plaintiff has been denied leave to commence this civil action without prepayment of the $400 civil filing fee required by 28 U.S.C. § 1914(a), and his case requires dismissal for that reason alone, the Court also elects to conduct a sua sponte review of Plaintiff's pleading because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" at the time he filed this action. *See* 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

/ / /
/ / /

A. Plaintiff's allegations

On November 20, 2018, Plaintiff was "transferred" in a "single van transportation from California Medical Facility ("CMF")" to RJD. (Compl. at 3.) While Plaintiff was in the van, he used a "handheld urinal" and when the van "hit a pot hole," it caused Plaintiff's "urine to spill in [his] lap and all over [his] underwear/underclothes." (*Id.*)

When Plaintiff arrived at RJD, he was "informed that [he] had been transferred to the wrong prison" and was "immediately placed" in Administrative Segregation ("Ad-Seg"). (*Id.*) Plaintiff "immediately informed" Defendant Galbraith of his "incident in the van." (*Id.*) He further informed Galbraith that he "needed clean underwear/underclothes and a shower." (*Id.*) Galbraith told Plaintiff he would "comply with [his] request but never did." (*Id.*) Plaintiff asked Galbraith again for "clean clothing and a shower." (*Id.*) Galbraith responded by informing Plaintiff that "since [he] was bugging him, [Plaintiff] had nothing coming." (*Id.*)

Plaintiff remained in Ad-Seg at RJD from November 20, 2018 to November 23, 2018. (*See id.*) During those three days, Plaintiff claims he "ask/begged" Defendants Sorensen, Kahn, and Noriega "for clean clothing and a shower." (*Id.*) When Plaintiff told them of his "unfortunate incident in the van," they either "shrugged their shoulders" or told him "that sounds like a personal problem." (*Id.*)

Plaintiff claims as a result of being forced to "wear soiled underwear and denied a shower," he developed a "serious rash in his genital area which had to be immediately treated" after he was transferred to CHCF on November 23, 2018. (*Id.*)

B. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of

pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Id.* (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Rhodes*, 452 U.S. at 346.

In addition, prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. *Farmer*, 511 U.S. at 847.

While inmates have the right to personal hygiene supplies, Plaintiff's Complaint fails to contain sufficient factual allegations to suggest that the denial of clean underwear and a shower for a short period of time amounts to the type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists to prevent. See *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *Farmer*, 511 U.S. at 834. There are no allegations that the deprivation was "severe or prolonged." See *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."). Here, the alleged deprivation was only three days.

Thus, because Plaintiff fails to allege facts sufficient to satisfy either the objective or the subjective component of an Eighth Amendment violation–that any Defendant caused him to be deprived of "life's necessities" with deliberate indifference to his health or safety–his Complaint fails to state an Eighth Amendment claim upon which relief can be granted.

/ / /

/ / /

## III. Conclusion and Order

The Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1); and

3) **GRANTS** Plaintiff thirty (30) days leave from the date this Order is "Filed" in which to pay the $400 initial civil filing fee *and* file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED**.

Dated: July 1, 2019

*[signature]*

**HON. LARRY ALAN BURNS**
Chief United States District Court Judge