UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD,<br>CDCR #J-36916,<br><br>        Plaintiff,<br><br>vs.<br><br>C/O GALBRAITH; C/O SORENSEN;<br>C/O KAHN; C/O NORIEGA,<br><br>        Defendants. | Case No.: 3:19-CV-1110-LAB-AHG<br><br>**ORDER:**<br><br>**1) GRANTING MOTION FOR RECONSIDERATION;**<br><br>**2) VACATING NOVEMBER 18, 2019 ORDER AND JUDGMENT;**<br><br>**3) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A** |

## I.  Procedural History

On June 13, 2019, Craig Richard ("Plaintiff"), currently incarcerated at the California Health Care Facility ("CHCF") located in Stockton, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). While Plaintiff was housed at CHCF at the time he filed this action, the named Defendants are prison officials at the Richard J. Donovan Correctional Facility ("RJD"). (*See* Compl. at

1-2.) In addition, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

On July 8, 2019, the Court denied Plaintiff's Motion to Proceed IFP and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A. (ECF No. 4.) Plaintiff was granted thirty (30) days leave to pay the entire initial civil filing fee, along with filing an amended complaint. (*Id.*)

On August 20, 2019, Plaintiff filed a "Motion Requesting Filing Fee Readjustment and/or Reconsideration of IFP status." (ECF No. 10.) However, Plaintiff then filed a "Motion Requesting the Court to withdraw Plaintiff's previous request to readjust Plaintiff's Filing Fee Order and/or Reconsider Plaintiff's IFP status." (ECF No. 12.) Plaintiff also filed a First Amended Complaint ("FAC"), along with a Motion to Appoint Counsel. (ECF Nos. 13, .)

The Court granted Plaintiff's motion to withdraw the motion for reconsideration but dismissed the action based on Plaintiff's failure to pay the initial partial filing fee in the time previously determined by the Court. (ECF No. 17.) A judgment was entered as to the entire action in favor of all the named Defendants. (ECF No. 18.)

On December 3, 2019, Plaintiff filed a "Motion requesting the Court to withdraw the Order dismissing Plaintiff's civil action" which the Court liberally construes as a motion for reconsideration of the Court's November 18, 2019 Order. (ECF No. 20.) In addition, Plaintiff also filed a letter to the Court on December 17, 2019 to provide documentation in support of his Motion. (ECF No. 22.)

**II.   Motion for Reconsideration**

Initially, Plaintiff was ordered to pay the initial civil filing fee of $400 in full by August 8, 2019. (ECF No. 4.) Plaintiff was later granted an extension of time to pay the filing fee no later than September 9, 2019. (ECF No. 8.) The Court's docket did not reflect that Plaintiff had complied with the Court's Orders, and thus, the entire action was dismissed on November 18, 2019 and judgment was entered. (ECF No. 17.)

///

However, Plaintiff filed a motion declaring that he had, in fact, paid the initial civil filing fee of $400 in September. (ECF No. 20.) On December 17, 2019, Plaintiff filed a letter with documentation by prison officials confirming that they had submitted the $400 civil filing fee to this Court on Plaintiff's behalf. (ECF No. 22.) Although the Court's docket did not reflect receipt of the filing fee, a review of the Court's records demonstrated that the Court had in fact received Plaintiff's filing fee on September 17, 2019 but failed to enter that into the docket. This has been now been corrected and the Court's docket accurately reflects that Plaintiff has complied with the Court's previous Order to pay the civil filing fee. (ECF No. 23.)

Accordingly, Plaintiff's "Motion Requesting the Court to Withdraw the Order Dismissing Plaintiff's Civil Action" is GRANTED. (ECF No. 20.) The Court will VACATE the November 18, 2019 Order and Clerk's Judgment. (ECF Nos. 17, 18.) However, Plaintiff's FAC remains subject to the required sua sponte screening pursuant to 28 U.S.C. § 1915A.

**III. Screening of Complaint pursuant to 28 U.S.C. § 1915A**

The Court is required to conduct a sua sponte review of Plaintiff's FAC because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" at the time he filed this action. *See* 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

///

A. Plaintiff's factual allegations

While Plaintiff was being transported from the California Medical Facility ("CMF") to RJD in a "transportation van," Plaintiff was "using a portable hand held urinal." (FAC at 2.) Plaintiff was "urinating" when the "van hit a pot hole in the road and splashed urine all over Plaintiff's lap causing Plaintiff's pants and underwear to be soaked and saturated with urine." (*Id.*)

When Plaintiff arrived at RJD, Plaintiff "immediately informed Defendant Galbraith about the accident that had just occurred" and told him that he "needed a shower and a change of clothes." (*Id.*) Defendant Galbraith told Plaintiff that he would provide him with a "shower and a change of clothes in a minute." (*Id.* at 3.) Twenty minutes passed and Plaintiff asked again for a shower and clothes but Defendant Galbraith purportedly told Plaintiff that "because Plaintiff had ask[ed] [Galbraith] a second time that [Galbraith] wasn't going to get Plaintiff a shower or a change of clothes." (*Id.*)

Plaintiff was housed at RJD for a total period of three days. (*See id.*) During those three days, Plaintiff claims he was wearing "urine soak[ed] clothes, and made several requests to Defendants Sorenson, Kahn, and Noriega for a shower and some clean clothes." (*Id.*) However, Defendants "refused [his] request for a shower and clean clothes." (*Id.*) As a result, Plaintiff claims he developed a "serious rash around his genital area which had to be medical treated" once Plaintiff returned to CMF. (*Id.*)

B. Eighth Amendment conditions of confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347). Thus, conditions which

are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Id.* (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Rhodes*, 452 U.S. at 346.

In addition, prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. *Farmer*, 511 U.S. at 847.

While inmates have the right to personal hygiene supplies, Plaintiff's FAC again fails to contain sufficient factual allegations to suggest that the denial of clean underwear and a shower for a short period of time amounts to the type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists to prevent. See *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *Farmer*, 511 U.S. at 834. There are no allegations that the deprivation was "severe or prolonged." *See Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

Here, the alleged deprivation was only three days which does not rise to the level of deliberate indifference required to state an Eighth Amendment claim. While the Ninth Circuit has not made any specific determinations as to how many showers an inmate is entitled to or how long a period of withholding a shower or clean clothes would raise Eighth Amendment concerns, many courts have found that a deprivation of a period of longer than three days does not raise Eighth Amendment implications. *See McFarland v. Kullojka*, 2019 WL 937237, at *5 (W.D. Washington, Jan. 30, 2019) (finding that a prisoner's deprivation of shower for eighth days are upsetting to prisoner but is not "sufficiently serious to implicate Eighth Amendment concerns."); *Hernandez v. Olmos*, 2013 WL

5718566, at *3 (E.D. Cal. Oct. 18, 2013), report and recommendation adopted by 2013 WL 6230269 (E.D. Cal. Dec. 2, 2013) ("[S]hort term denials of showers is not the type of deprivation that rises to the level of an Eighth Amendment violation."); *Centeno v. Wilson*, 2011 WL 8836747, at *3 (E.D. Cal. Mar. 4, 2011) (concluding denial of showers for a prisoner for seven days is "not so extreme as to violate contemporary standards of decency and rise to the level of a constitutional deprivation."); *Bejarano v. Allison*, 2012 WL 5451810, at *2 (E.D. Cal. Nov. 7, 2012) ("[B]eing deprived of clean clothes for three days does not amount to an objectively serious deprivation within the meaning of the Eighth Amendment").

Thus, because Plaintiff fails to allege facts sufficient to satisfy either the objective or the subjective component of an Eighth Amendment violation–that any Defendant caused him to be deprived of "life's necessities" with deliberate indifference to his health or safety–his FAC again fails to state an Eighth Amendment claim upon which relief can be granted.

C. Eighth Amendment medical care claim

Plaintiff also claims that he "develop[ed] a serious rash around his genital area, which had to be medically treated once Plaintiff" was transferred back to CMF. (FAC at 3.) To violate the Eighth Amendment alleging inadequate medical care, Plaintiff must allege facts sufficient to show "the wanton and unnecessary infliction of pain." *Rhodes*, 475 U.S. at 347. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

To meet this high standard, a prisoner alleging an Eighth Amendment violation must plead facts sufficient to "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the officials "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

Prison officials act with "deliberate indifference ... only if [they are alleged to] know[ ] of and disregard[ ] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted).

The Court finds that Plaintiff's allegations of having a "serious rash" at this stage of the proceedings are sufficient to meet the Eighth Amendment's objective requirements, *see Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain). However, he must further allege facts sufficient to show that each individual person he seeks to sue "kn[e]w of and disregard[ed] an excessive risk to [his] health or safety." *Farmer*, 511 U.S. at 837; *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Plaintiff does not allege that any of the named Defendants were aware that he was purportedly suffering from a "serious rash" nor does he allege that they denied him any medical treatment.

Thus, the Court dismisses Plaintiff's Eighth Amendment inadequate medical care claims for failing to state a claim upon which relief can be granted.

### IV. Conclusion and Order:

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's "Motion Requesting the Court to Withdraw the Order" (ECF No. 20);

2) **VACATES** the Court's November 18, 2019 Order and Clerk's Judgment (ECF Nos. 17, 18);

3) **DISMISSES** Plaintiff's First Amended Complaint for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1);

4) **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.

Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: December 18, 2019

*/s/ Larry A. Burns*

**HON. LARRY ALAN BURNS, CHIEF JUDGE**
United States District Court