UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD,<br>CDCR #J-36916,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>C/O GALBRAITH; C/O SORENSEN;<br>C/O KAHN; C/O NORIEGA,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:19-CV-1110-LAB-AHG<br><br>**ORDER: (1) GRANTING MOTION "REQUESTING THE CANCELLATION OF SECOND AMENDED COMPLAINT"; (2) DIRECTING CLERK OF COURT TO FILE PROPOSED THIRD AMENDED COMPLAINT; AND (3) GRANTING MOTION FOR USMS SERVICE AND DIRECTING USMS TO EFFECT SERVICE OF THIRD AMENDED COMPLAINT** |

## I. Procedural History

On June 13, 2019, Craig Richard ("Plaintiff"), currently incarcerated at the California Health Care Facility ("CHCF") located in Stockton, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). While Plaintiff was housed at CHCF at the time he filed this action, the named Defendants are

prison officials at the Richard J. Donovan Correctional Facility ("RJD"). (*See* Compl. at 1-2.) In addition, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

On July 8, 2019, the Court denied Plaintiff's Motion to Proceed IFP and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A. (ECF No. 4.) Plaintiff was granted thirty (30) days leave to pay the entire initial civil filing fee, along with filing an amended complaint. (*Id.*)

On August 20, 2019, Plaintiff filed a "Motion Requesting Filing Fee Readjustment and/or Reconsideration of IFP status." (ECF No. 10.) However, Plaintiff then filed a "Motion Requesting the Court to withdraw Plaintiff's previous request to readjust Plaintiff's Filing Fee Order and/or Reconsider Plaintiff's IFP status." (ECF No. 12.) Plaintiff also filed a First Amended Complaint ("FAC"), along with a Motion to Appoint Counsel. (ECF Nos. 13, .)

The Court granted Plaintiff's motion to withdraw the motion for reconsideration but dismissed the action based on Plaintiff's failure to pay the initial partial filing fee in the time previously determined by the Court. (ECF No. 17.) A judgment was entered as to the entire action in favor of all the named Defendants. (ECF No. 18.)

On December 3, 2019, Plaintiff filed a "Motion requesting the Court to withdraw the Order dismissing Plaintiff's civil action" which the Court liberally construed as a motion for reconsideration of the Court's November 18, 2019 Order. (ECF No. 20.) In addition, Plaintiff also filed a letter to the Court on December 17, 2019 to provide documentation in support of his Motion. (ECF No. 22.)

On December 19, 2019, the Court granted Plaintiff's Motion for Reconsideration, vacated the November 18, 2019 Order and dismissed his FAC for failing to state a claim upon which relief could be granted. (ECF No. 24.)

On December 23, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 25.) However, on December 31, 2019, Plaintiff filed a Motion seeking to withdraw his SAC and instead filed a proposed Third Amended Complaint ("TAC"). (ECF

No. 27.) Plaintiff's Motion is GRANTED and the Court will direct the Clerk of Court to file Plaintiff's proposed amended pleading, *see* ECF No. 27 at 6-26, as his TAC.

**II.      Screening of Complaint pursuant to 28 U.S.C. § 1915A**

As the Court previously informed Plaintiff, the Court is required to conduct a sua sponte review of Plaintiff's TAC because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" at the time he filed this action. *See* 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

As currently pleaded, the Court finds Plaintiff's TAC contains "sufficient factual matter, accepted as true," to state Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment).[1]

///

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. Plaintiff's Motion for Court-Ordered Marshal Service [ECF No. 7]

Because plaintiffs who prepay the civil filing fee are not considered to proceed IFP, they are not automatically entitled to have the U.S. Marshal effect service on their behalf, and they must do so within the 120 days provided by FED.R.CIV.P. 4 (m). *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to FED.R.CIV.P. 4(c)(2), persons who prepay civil filing fees "remain[] responsible for timely service"); 4A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE §§ 1090, 1094 (3d ed. 2002).

Plaintiff previously filed a Motion requesting that the U.S. Marshal effect service of his Complaint pursuant to FED.R.CIV.P. 4(c)(2) and 28 U.S.C. § 1915(d) which the Court previously denied without prejudice because he did not have an operative pleading at the time Plaintiff filed this Motion. However, now that the Court has determined that Plaintiff's TAC survives the sua sponte screening process, the Court will construe Plaintiff's Motion, *see* ECF No. 7, as a Motion to Proceed IFP for purposes of service only.

FED.R.CIV.P. 4(c)(2) provides that "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." FED.R.CIV.P. 4(c)(2). In addition, as noted above, when plaintiffs are granted leave to proceed IFP, the United States Marshal, upon order of the court, is authorized to serve the summons and complaint on the pauper's behalf. *See* 28 U.S.C. § 1915(d); *Boudette*, 923 F.2d at 757; *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1993).

Although Plaintiff has paid the $400 civil filing and administrative fee, he may still be eligible to proceed IFP. A request to proceed IFP need not be filed at any particular time, but may be initiated at any stage of a proceeding, since a person who is not an indigent at the commencement of a suit may become one during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

The Court now finds that Plaintiff's Motion for U.S. Marshal Service is sufficient to show that he, since the payment of filing fees and commencement of this action, has become unable to execute the service of his own Summons and TAC. Accordingly, and in order to aid in the timely administration of justice in this matter, he will now be permitted to proceed IFP pursuant to FED.R.CIV.P. 4(c)(2) for purposes of service only.

Therefore, the Court will direct the U.S. Marshal to effect service of summons and Plaintiff's TAC on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's "Requesting the Cancellation of Second Amended Complaint" [ECF No. 27];

2) **DIRECTING** Clerk of Court to file proposed Third Amended Complaint, *see* ECF No. 27 at 6-26, as Plaintiff's Third Amended Complaint;

3) **GRANTS** Plaintiff's Motion to Proceed IFP for purposes of service only [ECF No. 7];

4) **GRANTS** Plaintiff's Motion for U.S. Marshal Service pursuant to FED.R.CIV.P. 4(c)(2) and 28 U.S.C. § 1915(d) [ECF No. 7];

5) **DIRECTS** the Clerk to issue a summons as to Plaintiff's TAC (ECF No. 28) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his TAC, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where the Defendants may be served*, *see* S.D. Cal. CivLR 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6) **ORDERS** the U.S. Marshal to serve a copy of the TAC and summons upon the Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

7) **ORDERS** the Defendants, once served, to reply to Plaintiff's TAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

8) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on the Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: January 14, 2020

*Larry A. Burns*

**HON. LARRY ALAN BURNS, CHIEF JUDGE**
United States District Court